SCHOOL DISTRICT NO. 2, CHEYENNE COUNTY, V. SCHOOL DISTRICT NO. 1, CHEYENNE COUNTY.

SCHOOL DISTRICT, *Action by — Validity of Organization.* In an action by one school district against another to recover taxes alleged to have been assessed upon the territory of the former, and illegally paid over to the latter, the validity of the organization of such school district cannot be called in question. If the school district bringing the suit had a *de facto* existence at the time of the tax levy, its organization cannot be attacked in a collateral proceeding.

*Error from Cheyenne District Court.*

THE opinion states the facts. Judgment for defendant *School District No. 1*, at the May term, 1888. The plaintiff *School District No. 2* brings the case here.

*E. M. Phillips*, and *S. D. Decker*, for plaintiff in error.
*Finley & Oberlander*, for defendant in error.

Opinion by GREEN, C.: This was an action brought in the district court of Cheyenne county by School District No. 2 against School District No. 1, of said county, to recover $460 taxes alleged to have been collected by the latter district in the year 1885, and the apportionment due from the state school fund for the years 1885 and 1886, claimed to have been collected and paid over to District No. 1 by the treasurer of Rawlins county. It seems that before the organization of Cheyenne county it was attached to Rawlins county, and an attempt had been made to form School District No. 2 out of a portion of the territory comprising District No. 1; and when the tax levy was made by the officers of Rawlins county, it embraced the territory of both districts; and when the taxes were collected, School District No. 1 received the entire tax, and failed to account to the plaintiff below for its proportion of the tax. The court below found for the defendant, and the plaintiff brings the case here.

From the evidence, it appears that School District No. 2 was organized on the 15th day of April, 1885. On the 15th day of May following, the voters of the newly-organized district met to perfect the organization, and officers were duly elected and qualified. The defendant below questioned the organization, and considerable evidence was introduced in regard to such organization, and it is obvious that the court decided the case in favor of the defendant on the ground that such district was not organized prior to the annual tax levy in August, 1885, by the board of county commissioners of Rawlins county. This, we think, was error. There was suf-

ficient evidence to clearly indicate a *de facto* existence of this school district when this levy was made, and was recognized as such; and it may be that at that time it was legally organized. But that question we do not care to decide in this action. All we care to know is, that it had an actual existence at the time the levy was made. The organization, and the steps taken to effect such existence, cannot be questioned in this action. Such attack must be made in a direct proceeding prosecuted at the instance of the State, by the proper officer. (*A. T. & S. F. Rld. Co. v. Wilson*, 33 Kas. 223, and authorities there cited.)

We recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.