THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. SCHOOL DISTRICT No. 99 OF NEOSHO COUNTY et al.

No. 14,990   (89 Pac. 1018.)

TAXATION — *School District Organized after March 1 — Valid Levy after Organization.* A school district was organized after March 1. Its organization was completed before it made a tax levy. It was said that a tax so levied upon property which on March 1 was within the territory comprising the school district when the levy was made, and which did not pay school taxes for that year in any other school district, was valid.

Error from Neosho district court; LEANDER STILLWELL, judge. Opinion filed April 6, 1907. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*Brown & Grigsby,* for defendants in error.

*Per Curiam:* This action was brought by the Atchison, Topeka & Santa Fe Railway Company to recover certain taxes, amounting to $282.08, levied upon its

property in school district No. 99, in Neosho county, for the year 1904, plaintiff having paid the same under protest, alleging the taxes to be illegal, unauthorized and void. A general demurrer to the petition was sustained, from which ruling plaintiff prosecutes error.

Plaintiff claims that school district No. 99 was not an organized school district and had no existence as such on the first day of March, 1904. In the month of March, 1904, a petition was presented to the county superintendent of Neosho county praying that a new school district be formed out of school districts Nos. 9, 10 and 45, in that county. Thereafter the petition was allowed, the notices served, and other steps required by statute to perfect such a change were taken. The proceedings were not completed until June 23, 1904, when the first school-district meeting was held and the tax here in dispute was levied.

The single proposition involved is whether the tax is illegal and void by reason of the fact that the school district was not in existence on the first day of March, 1904, when personal property is required by law to be listed for taxation, the contention of plaintiff being that there was none of its property located in that district on March 1. There is no claim that on March 1 the property taxed was not within the territory which now comprises school district No. 99, or that plaintiff's property was taxed in any other district or subjected to double taxation. There is, therefore, nothing equitable in plaintiff's claim. It rests upon a technical construction of the law of taxation, and not upon any prejudice to plaintiff's rights. The fairness or amount of the tax is not questioned.

In *School District v. School District*, 45 Kan. 543, 26 Pac. 43, the entire tax was collected by the old district, and the new district brought an action to recover the amount it had levied for its own purposes. It was claimed in defense that the new district was not legally organized when the attempted levy was made. In the opinion it was said: "All we care to know is that it

had an actual existence at the time the levy was made."
(Page 545.)

In this case the levy was made within proper time,
by a district duly organized, and upon property which
on the first day of March was within the territory
comprising the school district when the levy was made,
and none of the property paid school taxes for that
year in any other school district. This, we think, is
sufficient to render the tax legal and valid.

The judgment is affirmed.