Consol. School Dist. No. 1, Alfalfa Co., v. School Dist. No. 24, Alfalfa Co.

gage on. This instruction covers the principal question of fact presented to the jury, and as they resolved it in favor of the defendants, and there is evidence reasonably tending to support their finding, this court is not at liberty to disturb the judgment of the court below upon the merits.

We have examined the brief of counsel for plaintiff in error and the record with considerable care, and are satisfied that they present no contention that would authorize a reversal.

Section 5680, Comp. Laws 1909, provides:

"The court, at every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The judgment of the court below must therefore be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.

---

## CONSOLIDATED SCHOOL DIST. No. 1, ALFALFA COUNTY, v. SCHOOL DIST. No. 24, ALFALFA COUNTY.

No. 1863.    Opinion Filed July 23, 1912.

(125 Pac. 729.)

SCHOOLS AND SCHOOL DISTRICTS—Alterations—Apportionment of Liability. Where part of the territory of one school district is annexed to another, unless some provision is made by law respecting the property and existing liabilities, the property within the detached territory belongs to the municipality to which it is attached; and each is responsible for the debts contracted by it prior to the change.

(Syllabus by the Court.)

*Error from Alfalfa County Court;*
*F. M. Gustin, Judge.*

Action by School District No. 24, Alfalfa County, against Consolidated School District No. 1, Alfalfa County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Titus & Carpenter,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

KANE, J.   This was an action, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover a certain sum alleged to be due the plaintiff from the defendant, according to a certain apportionment made by the county superintendent.   Upon trial to the court, there was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

The case was tried upon an agreed statement of facts, in effect, as follows:   Prior to the 5th day of August, 1907, school districts Nos. 110 and 92 were regularly organized school districts situated in Woods county, Okla.   On that day the county superintendent detached a portion of the territory of district No. 110 and attached it to school district No. 92.   After statehood all the territory comprising the two districts became a part of Alfalfa county; whereupon the county superintendent of Alfalfa county renumbered the districts, changing No. 110 to No. 25 and No. 92 to 24.   Afterward the defendant, consolidated school district No. 1, was formed from the territory comprising school districts Nos. 25 and 12.   At the time the territory was detached from district No. 110 and added to district No. 92, there was no attempt to adjust the assets and liabilities of the two districts to conform to the changed conditions; but after the creation of the consolidated school district No. 1 the county superintendent made such an adjustment, and found that there was due district No. 92 from district No. 110 the sum of $63.40; and that "the school board of consolidated school district No. 1 should issue a warrant to treasurer of school district No. 24 for $63.40 in full account to settle net indebtedness of consolidated district No. 1 to school district No. 24."   The consolidated school district refused to comply with the findings of the county superintendent; whereupon this action ensued, and the trial court seems to have taken the same view as the county superintendent.

The county superintendent, and, no doubt, the trial court, proceeded upon the theory that section 8049, Comp. Laws 1909,

authorized an adjustment by the county superintendent in cases like this. With this conclusion, we cannot agree. That section provides that:

"* * * When a new district is formed in whole or in part from one or more districts possessing a schoolhouse or entitled, to other property, the county superintendent, at the time of forming such new district, shall equitably determine the proportion of the present value of schoolhouse or other property justly due to said new district. Such proportion when ascertained shall be levied by the district board of the district retaining the schoolhouse or other property upon the taxable property of the district, and shall be collected in the same manner as if the same had been authorized by a vote of the district for building a schoolhouse, and when collected shall be paid to the treasurer of the new district, to be applied towards procuring a schoolhouse for such district."

It is obvious that that section has no application to the situation presented by the facts in this case. In the instant case there was no creation of a new district, but simply a transfer of part of the territory of one district to another. This is authorized by section 7975, Comp. Laws 1909. We find no provision of law for the adjustment of the assets and liabilities occasioned by such a change in the boundaries of a district by the county superintendent, or any other person, board, or court. After detaching the territory from one district and adding it to another, the two municipalities retained their legal status, as though no change had taken place. The rule seems to be that, where part of the territory of one school district is annexed to another, unless some provision is made by law respecting the property and existing liabilities, the property within the detached territory belongs to the municipality to which it is attached; and each is responsible for the debts contracted by it prior to the change. *Winslow v. France, Treas.,* 20 Okla. 303, 94 Pac. 689; *Laramie County v. Albany County et al.,* 92 U. S. 307, 23 L. Ed. 552; *North Hempstead v. Hempstead,* 2 Wend. (N. Y.) 109; *Wade et al. v. City of Richmond,* 59 Va. 583; *Higginbotham's Ex'rs v. Commonwealth,* 66 Va. 627; *Watson et al. v. Commissioners of Pamlico,* 82 N. C. 17.

In *Winslow v. France, supra,* Mr. Chief Justice Williams, in discussing this proposition in its application to counties, says:

"If a portion of a territory is annexed to another county, unless some provision is made in the act respecting the property and existing liabilities of the old county, the territory or inhabitants detached from the original county lose all claim to share in the property belonging to the county from which it was taken. Whilst it is thus relieved from the indebtedness resting upon the latter, yet it incurs the liabilities and shares in the property of the county to which it is attached, and is equally subject to assessment and taxation for that purpose."

It follows that the judgment of the court below must be reversed and the cause remanded, with directions to dismiss the same, at the costs of the plaintiff.

. TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.