No. 21,618.

THE BOARD OF EDUCATION OF THE CITY OF WICHITA, *Plaintiff*, v. H. M. BARRETT, as County Clerk of Sedgwick County, *Defendant*.

### SYLLABUS BY THE COURT.

CITY SCHOOL DISTRICT—*Annexation of Adjacent Territory—Situs for Taxation—Extension of Levy—Duty of County Clerk*. Where the territorial limits of a city school district are enlarged under authority of section 9114 of the General Statutes of 1915, the situs for taxation of all property in the territory annexed is changed forthwith to the city school district; and if the matter is brought to the attention of the county clerk in sufficient time before November 1 to correct the levies and to extend the proper city school district levies upon the property within the annexed territory, he is authorized and required by section 1 of chapter 321 of the Laws of 1917 to make such correction and to extend the proper levies on the tax roll.

Original proceeding in mandamus. Opinion filed October 20, 1917. Writ allowed.

*S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita, for plaintiff.

*Ross McCormick,* county attorney, *Kos Harris,* and *V. Harris,* both of Wichita, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: The board of education of the city of Wichita invokes this court's original jurisdiction in mandamus to require the county clerk of Sedgwick county to extend upon the tax rolls the school tax levy made by the plaintiff board upon all the property situated in and upon a certain tract of land adjacent to the city of Wichita, which was attached to the city school district on July 2, 1917. Prior to that date the territory and property sought to be subjected to the plaintiff's school tax levy had been part of rural school district No. 63 of Sedgwick county. The change and extension of the city's school district boundaries were made under the provisions of section 9114 of the General Statutes of 1915 authorizing the attachment of territory adjacent to a city of the first class for school purposes only.

The board of education made and certified to the county clerk its regular school tax levy for the ensuing year, and either then or shortly afterwards it notified the defendant county clerk of the change and extension of the city school district boundaries and advised the defendant as to the personal property which would be affected by the transfer of the territory from school district No. 63 to the city school district.

The defendant's excuses for his refusal to extend the levy are somewhat plausible but lack substantial merit. That the property was assessed as part of the taxable assets of school district No. 63 on the first day of March is of no consequence here. The assessment only determined the *value* of the property on that date. Nor is it controlling that the rural school district's financial requirements were determined and certified in May, nor that the board of county commissioners made the levy for school district No. 63 on August 6. While it seems to be the ordinary rule that the changes in the boundaries of a taxing district must be completed before the levy for the ensuing year is made (*Railway Co. v. School District*, 75 Kan. 843, 89 Pac. 1018, 35 Cyc. 1035), yet here the change of boundaries was effected on July 2, while the various taxing districts and official boards had until August 25 to certify their levies to the county clerk. (Gen. Stat. 1915, § 11345.) Moreover, the statute under which the annexation was made is imperative and operates as soon as the annexation is effected. It does not permit a postponement of its operation until another fiscal or taxing year. The statute reads:

"Territory outside the city limits of any city of the first class, but adjacent thereto, may be attached to such city for school purposes, . . . and, . . . the board of education . . . shall . . . issue an order attaching such territory to such city for school purposes . . . and such territory shall, from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of said city. . . ." ( Gen. Stat. 1915, § 9114.)

The answer to the writ admits that the levy of the board of education was certified to the county clerk on August 25, which was within the statutory time. (Gen. Stat. 1915, §§ 9079, 11345.)

Section 11347 of the General Statutes of 1915 provides that after all the levies of the various taxing districts are certified to him the county clerk shall extend the levies. It necessarily follows that he can not safely proceed with their extension until they are all submitted to him. There is some dispute as to whether the county clerk had official notice of the change of boundaries on August 25. He was formally notified of that fact on September 7, and since the change had been made and was effective before the levies were certified, and in ample time to prepare the tax rolls before November 1, the failure to give the clerk the official information by August 25 must simply be regarded as one of the errors which the clerk is authorized to correct by section 1 of chapter 321 of the Laws of 1917, which repealed earlier statutes to the same general effect. (Gen. Stat. 1915, §§ 11341, 11342, 11344.) Where obvious errors have been made, subjecting property to taxation in the wrong district, or otherwise, they should be corrected by the county clerk if he can possibly do so before the time when he must deliver the tax rolls to the county treasurer.

"The county clerk at any time previous to November 1st may correct any clerical errors in the assessment and tax rolls for the current year in the description of property or extensions of values or taxes whereby a taxpayer is charged with unjust taxes; . . . and errors whereby the taxpayer has been assessed in the same year for the same property in one or more assessment districts in the county; and errors whereby the assessment of either real or personal property has been assigned to a district in which the property did not have its taxable situs, in which case the correction shall be made by transferring the assessment of the property from the wrong district to the proper district. . . ." (Laws 1917, ch. 321, § 1.)

Counsel for defendant suggest certain difficulties in ascertaining with accuracy what personal property is affected by the change in territorial boundaries. There may be some trouble on that score. Legislators do not have the gift of foresighted omniscience. Their legislative commands are sometimes imperfect, sometimes incomplete. Here the legislative command is that when rural school district territory is annexed to a city school district the property affected by the change shall thereupon be amenable to taxation in the city school district. And the legislative command is that where there are obvious errors in the taxable situs of property in

time to be corrected before November 1, the county clerk shall correct such errors. And so, like a good ,soldier, the county clerk must obey; he must obey intelligently, using what information may be available to him touching the personal property affected, and proceed accordingly and in good faith. In the case at bar, the court is inclined to believe that the ascertainment of the personal property, or most of it affected by the annexation, will not be a task of much perplexity; and if perchance some such personal property escape its lawful burden this year, recoupment for the public revenues may be had against it next year. (Gen. Stat. 1915, § 11326.) So, too, any grievance of a taxpayer in the matter of his personal-property taxes affected by the change in its taxable situs may be redressed under section 2 of chapter 321 of the Laws of 1917.

Writ allowed.