BOARD OF EDUCATION OF JEFFERSON TOWNSHIP RURAL SCHOOL DISTRICT *v.* HOOVER, CLERK, ET AL.

*Constitutional law — Schools — Section 4692, General Code (106 O. L., 397) — Transfer of territory — Title to schoolhouse — Injunction against sale.*

The provision contained in Section 4692, General Code, as amended 106 Ohio Laws, 397, relating to the transfer of territory by a board of education, by which it is enacted that the legal title shall become vested in the board of education of the school district to which it is transferred, contravenes no constitutional provision and is a valid and constitutional enactment.

(Decided May 24, 1920.)

APPEAL: Court of Appeals for Williams county.

*Mr. Charles T. Stahl,* prosecuting attorney, and *Mr. Edward Gaudern,* for plaintiff.

*Messrs. Newcomer & Gebhard,* for defendants.

RICHARDS, J.   On May 8, 1918, the Williams County Board of Education, in compliance with a petition filed with it, asking therefor, transferred by resolution duly adopted certain territory from the Jefferson Township Rural School District to the West Unity Village School District.   On the territory transferred was a schoolhouse.   Thereafter the Board of Education of West Unity School District advertised for sale the schoolhouse so transferred, the sale to be on August 23, 1919.

This action is brought for the purpose of enjoining the sale of the school building and the tearing down and removal of the same.   The trial court on the hearing of the action dismissed the plaintiff's petition, and an appeal has been taken to this court.

The regularity of the proceedings leading up to and including the transfer is not questioned.   The transfer was made by virtue of the authority reposed in the county board of education by Section 4692, General Code, as amended 106 Ohio Laws, 397.   That section provides, among other things, that the legal title of the property shall become vested in the board of education of the school district to which the territory is transferred, and the county board of education is authorized by the section to make an equitable division of the school funds of the transferred territory and also an equitable division of the indebtedness thereof.   Plaintiff contends that the general assembly was without authority to provide in case of such a transfer that the legal title of the property should become vested in the school district to which the territory is transferred, as is provided in the section.   The record in this case shows that the transfer by the county

board of education was made only after the filing
of a petition asking that such procedure be taken,
and neither in the pleadings nor evidence is there
any claim made of fraudulent conduct on the part of
the county board of education or of an abuse of
discretion on its part.

The general rule of law, in the absence of stat-
utory provision to the contrary, is that when the
territory of a school district is detached from that
district, and attached to another, a schoolhouse on
the territory so transferred would thereupon be-
come the property of the district to which the terri-
tory was transferred. The substance of this gen-
eral rule of law has been placed by our legislature
in the statute above cited. Manifestly, in a rapidly
growing county, it frequently becomes necessary
to change the boundaries of school districts, as
originally established, and such changes often result
in the transfer of territory, which may include
schoolhouses, and some adjustment on equitable
principles should be made in case of such transfer.
Our statute accordingly provides for an equitable
division of the school funds and indebtedness.
Clearly it would be impracticable in the majority of
cases to require an equitable division between the
two districts of the value of the schoolhouse so
transferred, but we would feel better satisfied with
the reasonableness of the statute if it required such
adjustment in the event that the schoolhouse should
thereafter be sold. However, the adjustment is left
entirely with the legislature, the details to be ef-
fectuated by the county board of education pur-
suant to the statute.

The plenary power of the legislature in such cases is clearly stated in 24 Ruling Case Law, 566, where it is announced that such statutes do not deprive the school district of its property without due process of law, and the authorities sustaining the proposition are there collected. We call attention to the following, all of which sustain the right of the school district to which the territory is transferred to own and control the schoolhouse situated in the transferred territory: *Board of School Commissioners of Indianapolis* v. *Center Township,* 143 Ind., 391; *Pass School District* v. *Hollywood City School District,* 156 Cal., 416, 25 L. R. A., N. S., 485, 20 Am. & Eng. Ann. Cas., 87; *Board of Education of Fulton County* v. *Board of Education of College Park,* 147 Ga., 776, 95 S. E. Rep., 684, and *Consolidated School District No. 1 of Alfalfa County* v. *School District No. 24, Alfalfa County,* 33 Okla., 320, 125 Pac. Rep., 729.

The constitutionality of such legislation has been directly sustained by the supreme court of the United States in *Kies* v. *Lowrey,* 199 U. S., 233, in which it is held that such transfer does not amount to the taking of property without due process of law.

The supreme court of Ohio in *Board of Education* v. *McLandsborough,* 36 Ohio St., 227, sustained the validity of an act of the legislature which exonerated a school officer from accounting for public money belonging to a school district, which had been stolen from him or lost without his fault. If the general assembly has power to relieve the treasurer and his sureties from liability to a board of education in that kind of case, it certainly has

the power in a case like the one at bar to direct where the title to a schoolhouse in transferred territory shall vest.

A decree will be entered for the defendants, dismissing the petition.

*Petition dismissed.*

CHITTENDEN, J, concurs.
KINKADE, J., dissents.