## MISSOURI-KANSAS-TEXAS R. CO. v. COWDEN, County Treas.

No. 28253. Jan. 24, 1939.

M. D. Green and John E. M. Taylor, for plaintiff in error.

Bill Vassar, County Atty., Joe Young, Asst. County Atty., and John Embry, for defendant in error.

HURST, J. This is an action to recover alleged illegal taxes paid under protest. The trial court sustained defendant's demurrer to plaintiff's evidence and rendered judgment for defendant. Plaintiff appeals. The facts are as follows: Plaintiff owned property in common school district No. 34 and in independent school district No. 105 in Lincoln county. On August 2, 1936, the county superintendent of public instruction annexed school district No. 34 to independent district No. 105. On August 6, 1936, the board of education of independent school district No. 105 filed its estimate of needs based upon the valuation in both districts, and on September 28, 1936, the excise board made a levy of 13.79 mills for the general fund and .95 mills for the sinking fund of independent district No. 105, and in computing these figures took into consideration the valuation of taxable property in what was school district No. 34 as well as school district No. 105. Plaintiff states that it does not contest the validity of this tax levy as affects its property in district No. 105, but contends that the correct and legal levy affecting its property located in district No. 34 is 5.33 mills for the general fund and no levy for the sinking fund instead .of 13.79 mills for the general fund and .95 mills for the sinking fund, totaling 14.74 mills, which was extended over the assessed value of its property in what was district No. 34. The budget of school district No. 105 was filed with the State Auditor on October 12, 1936, and no protest to the levy was made. Plaintiff paid the difference between 5.33 mills and 14.74 mills as applied to its property in district No. 34 under protest, and on February 8, 1937, commenced this action to recover same. There is no contention as to the regularity of the annexation proceedings.

The first question to be determined is whether the district court or the Court of Tax Review had jurisdiction of this case.

Plaintiff's theory is that the Court of Tax Review has jurisdiction only of the legality of the rate of levy fixed and approved by the excise board; that the legality of the rate of levy of school district No. 105 is conceded, but that its extension to property in what was school district No. 34 was illegal because the two districts were separate entities on July 1st; that the question involved here does not concern the legality of the rate of the levy, but the illegal application of a valid levy to specific property, and that therefore the Court of Tax Review has no jurisdiction over the action. In support of the proposition that the Court of Tax Review has no jurisdiction to review the unlawful application of a legal ad valorem tax levy to specific property, plaintiff relies upon Protest of First Nat. Bank of Guthrie (1929) 136 Okla. 141, 276 P. 766; In re Gibbens et al. (1930) 142 Okla. 180, 286 P. 318; and In re Protest of First Nat. Bank of Enid (1930) 143 Okla. 115, 287 P. 1043.

We agree with this contention. The cases cited and section 12306, O. S. 1931 (68 Okla. St. Ann. sec. 332), limit the jurisdiction of the Court of Tax Review to a consideration only of alleged illegal levies. Said court, therefore, has no authority to consider the alleged illegal application of a valid tax levy to specific property. Plaintiff's remedy was to pay its taxes under protest and sue to recover same as was done here. See section 12665, O. S. 1931 (68 Okla. St. Ann. sec. 263).

■ It is unnecessary for us to review the method employed by the governing board of school district No. 105 in compiling the financial statement and estimate of needs of the excise board in computing the rate of levy, since plaintiff, by conceding the legality of the rate of levy made by the excise board for school district No. 105, as stated, is questioning only the application, and not the validity, of this tax levy to its property in what was school district No. 34. Stated otherwise, plaintiff as the owner of property in what was school district No. 34 contends that such property is not liable at all for the tax levy made for school district No. 105. It therefore is immaterial, so far as it is concerned, whether the levy made for school district No. 105 was correctly or incorrectly computed. The vital inquiry, therefore, involved in this action is whether property located in what was school district No. 34 is subject to the tax levy made by the excise board for school district No. 105 when the two districts were separate entities on July 1st, but school district No. 34 was annexed to school district No. 105 prior to the making and extension of said tax levy by the excise board.

Section 6860, O. S. 1931, reads in part as follows:

"Territory outside the limit of any city or town within an independent district may be added to such city or town for school purposes * * * and such territory shall, after being attached from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of such city. * * *"

A statute identical to the foregoing was construed in the case of Board of Education of City of Wichita v. Barrett (1917, Kan.) 167 P. 1068, and it was held that where property was annexed to an independent district after July 1st, the situs for taxation of all property in the territory annexed was changed forthwith to the independent district, and if the matter was brought to the county clerk's attention in time to extend the independent district's levies on the property of the annexed territory, it was his duty to so extend the levies on the tax roll. It was further held that the fact that the school board of the district of which the annexed territory was a part had already made a levy for such district was immaterial.

A similar statute was also considered in the case of Megargel County Line Independent School Dist. v. Blewett (1926, Tex. Com. App.) 285 S. W. 271, and it was held that "all taxable property, situated on January 1st of any year in territory subsequently annexed during such year to independent school district, is chargeable with school taxes for such year." See, also, Grout v. Illingworth (1906, Iowa) 108 N. W. 528. In 56 C. J. 729, sec. 852, it is stated:

"Property annexed to a school district is subject to taxation within the district as soon as the annexation is completed in the absence of other provision, and the officers of the annexing district may by statute be given the power to levy and collect taxes from the annexed territory, immediately after annexation."

Section 6860, supra, as construed in the case of Wichita Board of Education v. Barrett, supra, is a statute such as is referred to in the text.

■ Plaintiff contends that a tax levy had already been made for school district No. 34. Defendant denies that said levy was actually ever made. But this question is

immaterial here. See Wichita Board of Education v. Barrett, supra. Furthermore, there is no evidence showing that this alleged levy was extended against plaintiff's property on the tax rolls, and the question of whether plaintiff's property in school district No. 34 would be liable for the levy, if any, made for school district No. 34, in addition to that of school district No. 105, would necessarily have to be determined in another action if any attempt is later made to collect such tax.

█ Plaintiff next contends that the trial court erred in refusing to admit its exhibit "3" in evidence. This exhibit was styled "District Clerk's Report of Annual Meeting," and was introduced for the purpose of showing that an estimate had been made for school district No. 34. Since we have held this question to be immaterial here, no error was committed by the trial court in excluding said exhibit from the evidence.

We conclude that plaintiff's property located in what was district No. 34 is subject to the tax made by the excise board for school district No. 105, which was extended against it.

Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent. GIBSON, J., dissents as to second paragraph of the syllabus.