LOWDEN et al. v. TEXAS COUNTY, EXCISE BOARD.

No. 29664. May 28, 1940.

*103 P. 2d 98.*

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

Geo. M. Frittz, County Atty., and Grester H. La Mar, both of Guymon, for defendant in error.

DAVISON, J. This case is presented on appeal from a decision of the Court of Tax Review, denying two items of protest. It involves tax levies made by the excise board of Texas county in connection with two school districts situated in that county.

The protest is based upon the theory that in computing the taxable valuation in independent school district No. 8 (also known as the Guymon school dis-

trict) and independent school district No. 60 (also known as Goodwell) consideration was given to property not lawfully included within the boundaries of such districts.

It is urged that the taxable valuation of each of said districts must be reduced by the exclusion of such property, part of which belongs to the protestants.

The territory and taxable property in question was, prior to the 7th day of March, 1939, included within dependent school district No. 59 of Texas county. On that date, the county superintendent of Texas county, meeting and acting jointly with the board of county commissioners of that county, made and entered an order intended to have the effect of disorganizing said school district No. 59, dividing the territory comprising the district into two portions and annexing said portions to each of the respective districts above mentioned.

Authority on the part of the officers named to take the action above described is claimed to have existed by virtue of section 6836, O. S. 1931 (70 O. S. A. § 772, sec. 3, ch. 97, S. L. 1919), which provides:

"If any school district has an enumeration of less than eight, or fails to support a school for one year, the county superintendent of public instruction and the board of county commissioners are hereby empowered to disorganize said district and attach the territory of said school district to adjoining school districts."

The protestant unsuccessfully took the position before the Court of Tax Review and now urges in this court that the foregoing statutory provision is invalid upon constitutional considerations and that the attempted disorganization is ineffective as such.

The excise board takes the position that the plaintiff in error is seeking to avoid the application of tax levies to specific property, as distinguished from undertaking to establish the illegality of the levy or some portion thereof, and

that by reason of the nature of the relief sought the Court of Tax Review was without jurisdiction of the controversy.

This question, being jurisdictional, must be first considered.

By the terms of the initiative petition, the primary authority vested in the Court of Tax Review is to determine the "illegality of any levy" (section 2 of Initiative Petition No. 100).

Referring to the meaning of the word "levy," in Protest of the First Nat. Bank of Guthrie, 136 Okla. 141, 276 P. 766, we said:

"The use of the word in this act is undoubtedly intended to refer to the rate of taxation to be extended against the property, rather than the physical act of applying the rate to the property."

In Missouri-Kansas-Texas R. Co. v. Cowden, County Treas., 184 Okla. 260, 86 P. 2d 776, a tax levy was made for a school district and applied to territory which had since the beginning of the fiscal year been annexed thereto. Plaintiff paid its taxes under protest and sued to recover the same pursuant to section 12665, O. S. 1931 (68 O. S. A. § 263).

The remedy chosen had, prior to the institution of the action, been limited in its scope by the repealing clause contained in section 12, Initiative Petition No. 100, and section 2 of chapter 52, S. L. 1929. In other words, jurisdiction lodged in the Court of Tax Review by the initiative petition was exclusive of the exercise of the same jurisdiction by the district courts of the state under the pre-existing protest law (sec. 12665, O. S. 1931, supra), but that statute remained operative as to questions not properly cognizable by the Court of Tax Review. Protest of the First National Bank of Guthrie, supra.

Thus, when the plaintiff in M.-K.-T. R. Co. v. Cowden, County Treas., supra, brought its action under section 12665, O. S. 1931, supra, it was sought to defeat the action by establishing, as a matter of law, that the protest should have been lodged before the Court of Tax

Review, that is, that jurisdiction to try such a cause was vested in the last-mentioned court.

This court therein held that the character of the question presented was not properly cognizable by the Court of Tax Review for the reason that the levy (that is, the rate of taxation) was not called in question. In disposing of the question it was said in paragraph 1 of the syllabus:

"A taxpayer owned taxable property in a common school district and in an independent school district. The common school district was annexed to the independent school district after the beginning of the fiscal year 1936-37, by the county superintendent. Thereafter, the board of education of the independent school district made and filed its estimate of needs for the independent district as it existed after the annexation, and the excise board extended the levy over all of the property in the district, including that located in what was the common school district. Held, that the Court of Tax Review had no jurisdiction to determine the legality of the application of the tax levy to the property located in what was the common school district; and held, further, that the taxpayer's remedy in such case was to pay the taxes under protest and sue to recover same as provided by section 12665, O. S. 1931 (68 Okla. St. Ann. § 263)."

The question presented in the case at bar, insofar as it relates to jurisdiction, is, in its dominant aspects, identical with that presented in the cited case.

Here, as there, a levy was made for an established school district. In this case, as in the cited case, the levy, that is, the rate of taxation, is not questioned. In both cases, the owner of property in certain territory, asserted by the taxing authorities to be affected by the levy, is seeking to avoid the application of the levy to his property on the theory that it is not legally and effectively in the territory wherein the property is situated. In both cases the success of the taxpayer would not operate to change the levy, but would merely defeat its application to property situated in a portion of the territory designated by the taxing authority as affected by the levy.

It is true that the reasons asserted for narrowing territorial application of the levy are different in the two cases, but that difference does not constitute the basis of a distinction on the jurisdictional question, which, as we have seen, is determined upon consideration of whether it is the levy or its application to property that will be affected by the determination of the controversy.

The protestant in its brief on this point calls our attention to certain language in the case of Protest of First National Bank of Guthrie, supra, which it deems favorable to its position herein. We quote said language as follows:

"We think that a review may be had of the valuation placed upon property subject to ad valorem taxation in order that this amount may be determined."

An examination of the entire opinion in that case discloses, however, that the authority to examine valuations comprehends situations in which the amount of such valuations affects the rate of levy rather than its application to specific property. This is demonstrated by the following quotation from the same opinion which follows closely the language invoked by petitioner:

"The jurisdiction of the Court of Tax Review is limited to a determination of whether or not the ad valorem tax levy is legal, and that court has no jurisdiction to review the application of a legal ad valorem tax levy in an unlawful manner or to specific property."

It is therefore apparent that the Court of Tax Review is without jurisdiction of the question here presented, and the protest was properly denied. The decision of the trial court denying the protest should therefore be, and is hereby, affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.