## GREEN v. TULSA COUNTY, EXCISE BOARD.

No. 29736. May 28, 1940.

*103 P. 2d 522.*

Mastin Geschwind, of Oklahoma City, for plaintiff in error.

Dixie Gilmer, County Atty., John F. Conway, Asst. County Atty., and C. H. Rosenstein, all of Tulsa, for defendant in error.

WELCH, V. C. J. The property of protestant against which a levy for sinking fund purposes was made for school district No. 22 (Tulsa), Tulsa county, lies in a portion of such district formerly known as the Red Fork district, which was annexed to district No. 22 in 1927.

From the stipulated facts it appears that the mill rate of levy will not produce returns in excess of the sinking fund requirements for the fiscal year 1939-40 for school district No. 22.

It is protestant's theory that under the law in force at the date of the annexation proceedings the property within the annexed territory is not liable to taxation for the payment of the debts of the annexing district which had accrued prior to the annexation.

It thus appears that this protest does not present the question whether an excessive or illegal levy has been made for the benefit of the sinking fund of district No. 22, but, rather presents the question whether a rate of levy not excessive for the purposes of the district involved should be extended against specific property.

In such circumstances it is settled by the case of M.-K.-T. Ry. Co. v. Cowden, Co. Treas., 184 Okla. 260, 86 P. 2d 776, that the Court of Tax Review did not have jurisdiction of the controversy. See, also, Protest of First National Bank of Guthrie, 136 Okla. 141, 276 P. 766.

It is pointed out in those cases that the remedy is to pay the tax under protest and bring suit against the treasurer to recover the money paid, rather than to seek relief in the Court of Tax Review, which latter court is by its limited jurisdiction, prohibited from granting such individual relief.

It is the authority of the Court of Tax Review, by statute (section 12306, O. S. 1931, 68 Okla. St. Ann. § 332), to hear tax protests, and when tax levies are found to be illegal or excessive, to strike or reduce them, as affects the involved municipality or subdivision as a whole. It was not the purpose of the

statute to create this court for the settlement of the private rights of an individual citizen taxpayer, or of the owner or owners of a part only of the property of a taxing subdivision. It was the legislative purpose and intent that the action of that court in striking or reducing a tax levy should inure to the benefit of all taxpayers in the subdivision, and apply alike to all taxable property in the subdivision or municipality. That definite purpose would be encumbered or thwarted if that court should undertake to determine the legality of a levy as applied to one item of property only, or as applied to only a part of the aggregate taxable property in the municipality or subdivision. So it may be said generally that the Court of Tax Review does not have jurisdiction where the controversy concerns only a part of such taxable property or territory, and where relief is sought which only applies to a specific portion of the property, and where the relief sought, if granted, can apply only to specific items of property, or a part only of the territory, and cannot inure to the benefit of all taxpayers or apply alike to all the taxable property of the municipality or subdivision.

Should the Court of Tax Review undertake to grant the relief here sought by protestant, it is clear that the benefits granted would apply only to a portion of the taxable property of school district No. 22, and could not inure to the benefit of all the taxpayers, or be applicable to all the taxable property within the taxing jurisdictional unit. In effect, the protest seeks to vacate this tax levy as to a portion only of the territory comprising school district No. 22. The granting of such individual relief, or such relief as applied to a part only of the taxable property of the district, is not within the jurisdiction of the Court of Tax Review, in view of the provisions of the act, and the former decisions of this court above referred to.

It follows that the Court of Tax Review was wholly correct in denying the protest, and the judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.