COOPERTON CONS. SCHOOL DIST. NO. 10 v. ROOSEVELT CONS. SCHOOL DIST. NO. 7 et al.

No. 31238. March 28, 1944.

*147 P. 2d 447.*

Clayton Carder, of Hobart, for plaintiff in error.

Tolbert, Tolbert & Gillespie, of Hobart, for defendants in error.

PER CURIAM. This action was instituted by the plaintiff in error, Cooperton consolidated school district No. 10, Kiowa county, as plaintiff, against Guy U. Finley, county treasurer of Kiowa county, for a writ of mandamus to compel an apportionment and disbursement to the plaintiff of a proportionate part of certain taxes which had been collected and were in process of collection under a levy which had been made for the fiscal year 1941-1942 on an estimate of needs which had been filed by school district No. 67 of Kiowa county. Plaintiff alleged, in substance, that it was

entitled to 45 per cent of the proceeds of the taxes so collected, and to be collected, by reason of the fact that it had annexed 45 per cent of the territory of school district No. 67, and that Roosevelt consolidated school district No. 7, Kiowa county, was entitled to the remaining 55 per cent of the taxes so collected, and to be collected, by reason of the annexation by it of the entire territory of district No. 67 which remained after the annexation by the plaintiff had been completed. The Roosevelt consolidated school district filed a petition in intervention and therein alleged that it was entitled to all of the taxes collected and in the process of collection under the estimate which had been made and approved for school district No. 67 by reason of the fact that it had annexed the entire school district as it existed after the annexation of a part thereof by plaintiff, and that under the law existing at the time said intervener was entitled to all of the property and assets of said attached school district, and at the same time became liable for all its current debts and other obligations. Trial was had upon a written stipulation as to the facts. The stipulation of facts so made disclosed that, plaintiff and intervener were consolidated school districts which adjoined school district No. 67, a common school district, on opposite sides, and that on August 6, 1941, a majority of the qualified electors residing in the eastern portion of school district No. 67, which embraced in assessed valuation 45 per cent of the district, filed with the county superintendent of Kiowa county a petition for the annexation of said territory to Cooperton consolidated school district, and that said petition was heard and granted on August 18, 1941, and that the annexation of said territory to Cooperton consolidated district was effected and became final and complete on August 24, 1941. The stipulated facts further show that on August 15, 1941, a majority of qualified electors of school district No. 67, as it existed subsequent to the prior annexation which had been made by Cooperton school district, filed a petition with the county superintend-

ent of Kiowa county for the annexation of the entire district, which included the schoolhouse, to Roosevelt consolidated school district, and that this petition was heard and granted on August 26, 1941, and that the annexation of said school district No. 67 to intervening district became final and complete on September 3, 1941. The stipulation further shows that on September 15, 1941, the county excise board approved a statement of estimated needs which had theretofore been made by school district No. 67 for the fiscal year 1941-1942. The stipulation further shows that there was no protest lodged to the approval of said estimate, and that as a result taxes were levied thereunder in due course and taxes were collected which created the fund involved in this controversy.

The trial court, upon the facts stipulated, found that as a matter of law the intervening district was entitled to all of the taxes which had been so collected and which would be collected, and rendered judgment in accordance with said finding. Motion for new trial was overruled and plaintiff prosecutes this appeal. Fifty-five per cent of the fund being admittedly the property of the intervener, the parties having so stipulated, only 45 per cent of the taxes in controversy are involved in this appeal.

The plaintiff, as grounds for reversal, makes two contentions, which are, in substance, that the taxes so levied and collected did not constitute an asset of school district No. 67 at the time of its annexation by the intervener, and that in the event it did constitute such an asset, under the admitted facts equity should intervene and decree a proportionate distribution thereof between the plaintiff and the intervener, and that subdivision (c) of 70 O. S. 1941 § 890.5, as it existed prior to its repeal by section 11, ch. 24, S. L. 1943, should be interpreted so as to require such distribution.

The contentions so made require an interpretation of 70 O. S. 1941 § 890.5, which was controlling when the annex-

ations of territory of school district 67 were made by the plaintiff and intervener. The material portions of the statute cited, supra, are as follows:

"(a) In case all of a school district is annexed to another district, the district to which the annexation is made shall become the owner of all the property and other assets of the annexed district (except so much of the sinking fund as may be necessary to pay any bonded indebtedness existing in the annexed district at the time of annexation) and shall be liable for the current debts and other obligations of the annexed district. . . .

"(b) In case less than all of a school district is annexed, the district to which the annexation is made shall acquire no property or assets nor assume any debts or other obligations belonging at the time of annexation to the district from which said part has been detached.

"(c) In case all of several parts of a school district are respectively annexed to two or more districts, the property and other assets (except so much of the sinking fund as may be necessary to pay any bonded indebtedness existing in the divided district at the time of annexation) and the current debts and obligations of said divided district shall, by agreement between the boards of education of the districts acquiring said territory, be apportioned to the districts to which said parts have been annexed, which apportionment shall be made on the basis of the assessed valuation which each part annexed to each respective district bears to the total valuation of the divided district. . . ."

It will be noted that the above-quoted statute provides for three contingencies, namely, the effect of the annexation of an entire school district, the effect of annexation of less than all of a school district, and finally the effect where all of several parts of a school district are respectively annexed to two or more districts. Plaintiff urges that the last provision should be held to be controlling in the case at bar for the reason that only a brief interval of time elapsed between the annexation by it of part of the territory of school district No. 67 and the subsequent annexation by intervener of said school district as it existed after the annexation had been made by the plaintiff. Plaintiff, in support of the contention so made, directs our attention to 24 R.C.L. 566, par. 10; 56 C.J. 269, par. 113; Consolidated School Dist. No. 1 v. School Dist. No. 24, Alfalfa County, 33 Okla. 320, 125 P. 729; School District No. 36, Love County, v. Pippin, 134 Okla. 136, 272 P. 455; 56 C.J. 275, par. 120, and page 729, par. 852; Board of Education, City of Wichita v. Barrett, 101 Kan. 568, 167 P. 1068; Hughes et al. v. Ewing, 93 Cal. 414, 28 P. 1067; School Dist. No. 2 v. School Dist. No. 1 of Cheyenne County, 45 Kan. 543, 26 P. 43; Atchison, T. & S. F. Ry. Co. v. School Dist. No. 99, 75 Kan. 843, 89 P. 1018; School Dist. No. 7 of Creek County v. Board of County Commissioners of Creek County, 135 Okla. 1, 275 P. 292. An examination of the cited authorities will reveal that they involve facts and principles which have but slight, if any, application to those involved in the case at bar. It will be observed that the statute quoted supra makes complete provision for the rights and liabilities of school districts annexing territory of adjacent school districts. The provisions so made, being wholly statutory, are exclusive. Under the stipulated facts plaintiff had completed its annexation of a portion of the territory of school district No. 67 on August 24, 1941. At that time, under the provisions of subdivision (b) of the statute quoted, supra, the plaintiff was not to acquire any property or assets nor to assume any debts or other obligations belonging at the time of annexation to the district from which the part annexed by it had been detached. This fixed the rights and liabilities of the plaintiff. When intervener thereafter annexed the whole of the school district No. 67, it did so under the provisions of subdivision (a) of the statute quoted, supra. This gave to said consolidated school district all of the property and other assets of the annexed district except so much of the sinking fund as was necessary to pay any bonded indebtedness existing in the annexed district at the time of the annexation, and made intervener liable for

**50**

the current debts and other obligations of the annexed district. Plaintiff says the annexation by it and the subsequent annexation by intervener presented a case where all of several parts of a school district are respectively annexed and therefore came within the provisions of subdivision (c) of the statute quoted, supra. The authorities cited by plaintiff do not support this contention, and as we interpret the statute such is not the intention and purpose thereof. On the contrary, we are of the opinion that the effect of subdivision (c), supra, was to control where a school district was wholly divided between two or more districts by agreement, and that since this was not done in the case at bar, said provision has no application. The statute under consideration has not heretofore been interpreted by this court, but a somewhat similar statute was considered in School District No. 60 of Ellis County v. Crabtree, 146 Okla. 197, 294 P. 171. Therein it was held:

"Where an adjacent school district is annexed to a consolidated school district after the beginning of a fiscal year and prior to the approval of an estimate of the attached school district, the approval of the estimate of the consolidated school district and the making of an appropriation for the consolidated school district operate to make effective a valid school teacher's contract made with the school district annexed."

The contention of plaintiff that the taxes collected, and in process of collection, and which are the subject of this controversy, did not constitute an asset of school district No. 67 at the time of its annexation by the intervener finds some support in the authorities where there was an absence of express legislation on the subject. See Towle, Trustee, v. Brown, 110 Ind. 65, 10 N.E. 626, and for this reason we consider them inapplicable here. Whether the fund collected as a result of approval of the estimate had after school district No. 67 had been annexed by the intervener be termed an account receivable or an asset, it constituted property of that school district which was under the statute passed to the intervener when it annexed the district as an entirety with all of its rights and obligations. See 56 C.J. 296, par. 113, and School Dist. No. 60 v. Crabtree, supra.

No error of law in the judgment below has been made to appear. Since this is the only issue presented, the judgment is affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents.